IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

SUMMER CHAMBERS DUNCAN                                                    PLAINTIFF

v.                              Civil No. 12-2272

CAROLYN W. COLVIN[1], Commissioner
Social Security Administration                                            DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Summer Duncan, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for supplemental security income ("SSI") pursuant to Title XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

### I.    Procedural Background:

Plaintiff filed her application for SSI on August 16, 2007, alleging an onset date of August 1, 2007, due to a learning disorder, neurofibromatosis, and attention deficit hyperactivity disorder (ADHD). Tr. 88-90, 112. The Commissioner denied Plaintiff's application initially and on reconsideration. Tr. 36-38, 56-60. An administrative hearing was held on March 12, 2009, resulting in an unfavorable decision on November 23, 2009. Tr. 7-36, 42-50. On appeal to this court, the case was reversed and remanded. Tr. 332-341. A supplemental hearing was held on April 23, 2012. Tr. 286-327.

---

[1]Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

AO72A
(Rev. 8/82)

At the time of the hearing, Plaintiff was 39 years old and possessed a limited education. Tr. 249. She had no past relevant work experience. Tr. 113, 119, 155.

On September 7, 2012, the ALJ found Plaintiff's chronic arthralgia, neurofibromatosis, bilateral carpal tunnel syndrome, major depressive disorder/dysthymia, panic disorder, posttraumatic stress disorder (PTSD), borderline intellectual functioning (BIF), personality disorder, and polysubstance abuse/dependence in partial remission were severe, but concluded they did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. Tr. 271-274. After partially discrediting Plaintiff's subjective complaints, the ALJ determined that she retained the residual functional capacity ("RFC") to

> perform sedentary work as defined in 20 CFR 414.967(a) except she can only occasionally climb, balance, stoop, kneel, crouch, and crawl. She can engage in frequent, but not constant, handling and fingering bilaterally. The claimant can do work where interpersonal contact is incidental to the work performed, the complexity of tasks is learned and performed by rote with few variables and little judgment involved and supervision is simple, direct, and concrete.

Tr. 274. With the assistance of a vocational expert, the ALJ then concluded that Plaintiff could perform work as an eyeglass frame polisher, convex-grinder operator, and zipper trimmer machine operator. Tr. 280.

Subsequently, Plaintiff filed this action. ECF No. 1. This case is before the undersigned for report and recommendation. Both parties have filed appeal briefs, and the case is now ready for decision. ECF Nos. 9, 13.

**II.    Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir.

AO72A
(Rev. 8/82)

2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or

3

mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)-(f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III.  Discussion:

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir. 2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Davidson v. Astrue*, 578 F.3d 838, 844 (8th Cir. 2009)*; see also Jones v. Astrue*, 619 F.3d 963, 971 (8th Cir. 2010) (ALJ is responsible for determining RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own description of his limitations). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the

4

workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003); *see also Jones*, 619 F.3d at 971 (RFC finding must be supported by some medical evidence).

As noted, this case was previously remanded due to the ALJ's failure to include limitations associated with Plaintiff's carpal tunnel syndrome in her RFC assessment. On remand, a functional capacity evaluation was completed by Doin Dahlke. Tr. 444-460. He completed a statement indicating that Plaintiff could lift 10 pounds occasionally, frequently perform activities requiring fine manipulation, occasionally perform activities requiring gross manipulation bilaterally, occasionally raise her arms above shoulder level, and occasionally tolerate the cold. In 2007, Dr. Magness also found bilateral wrist weakness, limited flexion (40 degrees) in both wrists, 70% grip strength in Plaintiff's right hand, and 75% grip strength in Plaintiff's left hand. Tr. 175. He noted moderate to severe limitation in Plaintiff's ability to handle and finger. Tr. 177. And, in June 2009, Dr. Walz documented bilateral grip weakness, slowed fine manual dexterity in the right hand, and low average dexterity in the left hand. Tr. 262.

The ALJ, however, concluded that Plaintiff could frequently handle and finger. Because the evidence does not support this finding, remand is again necessary to allow the ALJ to incorporate the findings of the functional capacity evaluation into his RFC assessment. At most, Plaintiff is capable of frequent fine manipulation (i.e., picking up objects between thumb and finger, using a pencil to write, holding a fork to eat), and only occasional gross manipulation (i.e., grasping, twisting, and handling) and overhead reaching. A review of the positions identified by the ALJ as jobs the Plaintiff could perform reveals that these positions each require frequent handling, fingering, and reaching. *See* DICTIONARY OF OCCUPATIONAL TITLES

5

§§673.685-042, 692.685-266, 713.684-038, at www.westlaw.com (Last accessed February 5, 2014). As such, we conclude that the ALJ has failed to demonstrate that the Plaintiff is able to perform other work in the national economy.

On remand, the ALJ is directed to reconsider Plaintiff's RFC, in light of the functional capacity evaluation results, and to incorporate said findings into his RFC and into the hypothetical questions posed to the vocational expert in order to determine the exact positions, if any, the Plaintiff can perform.

### IV.    Conclusion:

Based on the foregoing, we recommend reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 5th day of February 2014.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE